*905 OPINION.
Adams :
The petitioner contends that the transactions in question show completed gifts from petitioner to his children of the Coca-Cola Co. stock before its sale.
*906 The respondent contends that there were no gifts of the Coca-Cola stock, but at most only gifts of the proceeds arising out of the sale of such stock.
From an examination of the authorities we find the essential elements of a bona fide gift inter vivos to be (1) a donor competent to make the gift; (2) a donee capable of taking the gift; (3) a clear and unmistakable intention on the part of the donor to absolutely and irrevocably divest himself of the title, dominion, and control of the subject matter of the gift, in praesenti; (4) the irrevocable transfer of the present legal title and of the dominion and control of the entire gift to the donee, so that the donor can exercise no further act of dominion or control over it; (5) a delivery by the donor to the donee of the subject of the gift or of the most effectual means of commanding the dominion of it; (6) acceptance of the gift by the donee; Edson v. Lucas, 40 Fed. (2d) 398, and authorities there cited. Cf. Allen-West Commission Co. v. Grumbles (C. C. A., 8th Cir.), 129 Fed. 287; Edwin J. Marshall, 19 B. T. A. 1260; affd. (C. C. A., 6th Cir.), 57 Fed. (2d) 663, certiorari denied, 282 U. S. 61.
The respondent argues that the donees, being minors, were incapable of receiving the gift, since no guardian or trustee was appointed to act for them. We do not think these facts are determinative of the question. It is not essential to the validity of the gift inter vivos that the property be delivered to the donee personally. Delivery may be made to a third person, such as a trustee or a guardian for the benefit of the donee, 28 C. J. 639. This seems to be the rule in the State of Alabama. Pope v. Randolph, 13 Ala. 214; Encyclopedic Digest of Alabama Reports, vol. 7, p. 863, and cases there cited. The petitioner here was the natural guardian of the donees, and we think he was capable in such capacity of receiving a gift for them. A gift did not, therefore, fail for lack of acceptance, and a donee capable of taking it.
The important question here is not whether there was a gift by petitioner to his children, but whether there was a gift of the Coca-Cola stock to them. Was there a clear and unmistakable intention on the part of the donor to give the Coca-Cola stock to his children; to absolutely and irrevocably part with the title, dominion, and control of it at the very time the gift was made, or did he intend all the while to sell the stock and give the proceeds thereof to his children ?
In examining this question we think the testimony of petitioner is important. At the hearing he testified as follows:
*907 Q: The certiticate of stock was never sent to the Coca-Cola Company for transfer on the books of the corporation?
A: No.
Q: They never were transferred from you to the children?
A: No. The reason for that is I expected to sell them for the children and I avoided the expense of the transfer by endorsing it in blank making them negotiable.
* * # * # *
Q: This gift was made with the intention of selling?
A: Yes.
Q: You told them?
A: Yes.
This testimony clearly demonstrates that it was the purpose and intention of petitioner at the time when and before he put the shares of stock in the envelopes for his children to sell them and give to his children the benefit of the proceeds from the sale. The testimony of petitioner is characterized by commendable frankness. It is noteworthy that he testified as to his reason for handling this transaction in the way he did, as follows:
Q: Those stocks and bonds have been issued in whose names?
A: The bonds are in anybody’s name.
Q: The stocks which you bought?
A: In the children’s name. I sold those stocks. You might say, “Why didn’t you sell the stocks and take the proceeds and give them to the children? ” By selling those stocks, by giving them to the children and letting them sell the stocks, it divided the income tax, which I thought was permissible, and I still think it is.
Petitioner decided to dispose of tbe stock by first giving it to bis children and then selling it. The weakness of his plan was that he at no time intended them to have the stock, but at all times intended to sell it and put the proceeds to their credit. Moreover, he kept within himself the power to control the disposition of the stock.
The transactions examined in the light of petitioner’s testimony persuade us that he did not intend making a gift of the stock, nor to divest himself of such title, dominion, and control of it as was necessary to constitute a good and valid gift of the stock, in praesenti, but that such transfer was but a step in the disposition of the stock for the benefit of his children. J. L. McInerney, 29 B. T. A. 1, and cases there cited. The motive which actuated the petitioner was twofold — to increase the estate of his children and to avoid payment of income tax.
It is significant that the transfer to his children of the certificates of stock in question was almost contemporaneous with the sale of the stock. The transaction was not handled in the ordinary and *908 usual business manner. Tbe testimony does not show that the certificates were endorsed when transferred to the envelopes. The required stamps were not affixed to the certificates at that time and petitioner was acting in the dual capacity of donor and trustee, or natural guardian to his children.
Under all the circumstances we conclude that what petitioner intended to give his children and what he gave them was not the stock itself, but the proceeds from the sale of the stock. It follows from this conclusion that the determination of the respondent must be approved.
Reviewed by the Board.

Decision will l>e entered under Rule 50.

Black, Van Fossan, and Leech dissent.
Trammell,
dissenting: I am unable to agree that the petitioner did not make a completed gift to his children of the stock in question before it was sold. The essential elements of a valid gift inter vivos are set forth in the prevailing opinion. It seems to me that each of these essential elements has been met in this case. The prevailing opinion, itself, answers the only question, in my opinion, as to where there might be doubt, that is, as to delivery by the donor and acceptance of the gift. It is shown that delivery and acceptance meet the legal requirements. Then, as I see it, the prevailing opinion is founded in substance on what it considers an improper motive or purpose on the part of petitioner in making the gift, that is, to reduce his taxes. In other words, the majority opinion in effect holds that an actual gift which meets legal tests will not be recognized if the motive in making it is to reduce taxes. I agree that the petitioner, as the natural guardian of his children, had the right to receive the gift for them, notwithstanding he was the grantor, or it might well be held that the transaction whereby petitioner transferred the stock to his children amounted to his constituting himself trustee for them. If it was a gift and title passed, it is immaterial that the petitioner acted in behalf of his children in selling the property. It was sold for them and they received all the benefits thereof, as is shown by all the records. Petitioner never at any time received or had the right to receive any of the proceeds of the sales to give to the children. They did not receive them from petitioner. Their accounts were credited directly by the brokers. It is rather difficult to see how it can be said that petitioner gave the proceeds of sales to his children under these circumstances.
In my opinion, too much emphasis has been placed in the prevailing opinion upon the purpose of the petitioner in making a gift to *909 his children. In Marshall v. Commissioner, 57 Fed. (2d) 633, the court said:
There was nothing unlawful or even mildly unethical in the motive of petitioner to avoid some portion of the burden of taxation. There is nothing illegal in a gift of shares of stock by husband to his wife.
There was certainly nothing unethical in the petitioner giving shares of stock to his children for the purpose of reducing the burden of taxation, even though he had in mind at the time that the stock would be sold by or for the children. The question is, Did he make a gift of the stock before it was sold? There was, in my opinion, not only no sale, but no binding obligation or contract to sell entered into before petitioner had effectively and legally given the stock to his children. If there was a completed gift by the petitioner to his children, I see no occasion for the Board to inquire as to the purpose or motive thereof. The only question is whether there was a gift which meets the requirements of the law before the sale so that what the petitioner gave was stock and not the proceeds from the sale thereof, and the question as to why petitioner made a valid gift is beyond the scope of any proper inquiry.
The Circuit Court of Appeals and the Supreme Court, in the case of Commissioner v. Duke, 62 Fed. (2d) 1057; 290 U. S. 591, upheld as a valid transfer a gift in trust from the donor as an individual to himself as trustee, when as trustee he had complete dominion over the property in that capacity to the same extent as he had as owner before the transfer. I therefore do not think it of any particular significance that the petitioner here did order the sal of the stock after he had given it to his children. It is not necessary that a person designate himself as trustee by the specific use of that word if he declares that he holds property for another. The control and dominion in the capacity as trustee for another is not the retention of control and dominion as owner. The Supreme Court so held in the Duke case and in McCormick v. Burnet, 283 U. S. 784, where that question was presented. In both those cases the same individual exercised dominion after the transfer as before. This did not affect the validity of the gift.
Upon either the trust theory or the theory of a completed gift, I think the prevailing opinion is in error.
Ajrundell agrees with this dissent.