**The SQUIRT COMPANY, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 24218.

United States Court of Appeals,
Ninth Circuit.

March 11, 1970.

Albert J. Galen, Los Angeles, Cal., for appellant.

Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, Richard M. Hahn, Acting Chief Counsel, IRS, Lee A. Jackson, Jonathan S. Cohen, Kenneth L. Cross, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before CHAMBERS, Chief Judge, and TUTTLE * and BROWNING, Circuit Judges.

PER CURIAM:

We have carefully considered Petitioner's contentions in light of the well stated findings of fact and conclusions of law made by the Tax Court in the decision appealed from. Finding, as we do, that there was ample evidence to support the fact determinations, we conclude that the decision of the Tax Court should be affirmed on the basis of its opinion which is published at 51 T.C. 543 (1969). We would, however, add the following language from the opinion of the Court of Appeals for the Fifth Circuit dealing with the measure of a casualty loss resulting to the owner of citrus lands when an unexpected freeze occurs:[1]

> "The freeze left Carloate's land covered with dead and dying trees and stumps. Uncontradicted testimony revealed that the land cannot be reused for cultivation until the trees and stumps and their underlying root systems are removed. * * *
>
> The only evidence in the record regarding whether the freeze damaged the land is to the effect that the rehabilitation expense necessary to return the land to a usable state would be taken into account by a prospec-

---

* Honorable Elbert P. Tuttle, United States Senior Circuit Judge of the Fifth Circuit, sitting by designation.

1. The freeze in the Carloate case is the same freeze which damaged the Petitioner's citrus grove.

tive buyer and would decrease the fair market value of the land. Such expenses, if proved, clearly may be made the basis of a casualty loss claimed against the land." Carloate Industries, Inc. v. United States, 5th Cir., 1969, 354 F.2d 814, 819.

It is to be noted that, in the present case, the Commissioner allowed, and the Tax Court affirmed the allowance of, a deduction which represented the "rehabilitation expense necessary to return the land to a usable state"—a deduction which the Carloate court held to be appropriate. The Carloate case is not authority for the allowance of a further deduction attributable to a general decrease in the value of the land in the general vicinity of the lands in question because of the fact that persons would be less likely to invest in citrus raising projects on account of the freeze. A general "chilling" (not to use a pun) of such sales of land in the area because the freeze occurred cannot be considered as an element of the loss "arising from * * * [the] casualty". Treas.Reg. on Income Tax (1954 Code) § 1.165–7.

The decision of the Tax Court is affirmed.