**Charles W. P. KAMANSKI and Robin Kamanski, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 71–2103.

United States Court of Appeals, Ninth Circuit.

April 16, 1973.

Charles W. P. Kamanski, in pro. per.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, K. Martin Worthy, Chief Counsel, IRS, Washington, D. C., for respondent-appellee.

Before MERRILL, KOELSCH and KILKENNY, Circuit Judges.

MERRILL, Circuit Judge:

The question presented is taxpayers' right to a casualty loss deduction under § 165(c)(3) of the Internal Revenue Code of 1954, by virtue of loss in property value following an earthslide.

The slide occurred a short distance from taxpayers' residence. It did minor physical damage to their property but as a consequence the market value of the property was reduced by approximately $23,000. Loss in property value in the sum of $21,094.27 was realized by taxpayers in disposing of their property. This was the amount they had invested and the value of the equity they enjoyed subject to trust deed. Following the slide they permitted the property to revert to the trust deed holder and accordingly realized their loss. They claimed a deduction in this amount as a casualty loss. This deduction was denied by the Commissioner. Minor physical damage by way of cracks in walls and pavements was sustained by the taxpayers. In absence of proof of the monetary extent of this damage, the Commissioner allowed a loss in the sum of $1,000 and rejected further claim of loss. A deficiency in income tax was determined accordingly. The Tax Court upheld the Commissioner's determination. Its opinion appears at 29 T.C.M. 1702.

The Tax Court ruled that the loss sustained was a nondeductible personal loss in disposition of residential property and not a casualty loss; that the drop in market value was not due to physical damage caused by the slide, but to "buyer resistance"; that casualty loss is limited to damage directly caused by the casualty. We agree.

The loss claimed by taxpayers was not attributable to the slide itself, but to the existence of soil conditions that the occurrence of the slide served to demonstrate. The loss in market value was not due to damage caused by the casualty, but to buyer predictions that future casualties would cause further damage. This may well be an accurate prediction but the claim of loss must await the

event. Loss of value based upon such a prediction is not deductible as casualty loss under § 165(c)(3). *See* Squirt Co. v. Commissioner, 423 F.2d 710 (9th Cir. 1970); Pulvers v. Commissioner, 407 F. 2d 838 (9th Cir. 1969).

Affirmed.