WILLIAM DAVID and VERONICA DAVID, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
David v. Commissioner
Docket No. 546-82.
United States Tax Court
T.C. Memo 1984-118; 1984 Tax Ct. Memo LEXIS 550; 47 T.C.M. (CCH) 1249; T.C.M. (RIA) 84118; March 12, 1984. William David and Veronica David, Pro Se. Rona Klein, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice dated November 6, 1981, respondent determined a deficiency in petitioners' Federal *551 income tax liability for 1978, in the amount of $2,164. After concessions by petitioners, the sole issue for decision herein is whether petitioners should be allowed a casualty loss in the amount of $5,510 arising out of the events described below. In the alternative, petitioners argue that they should be allowed a charitable deduction on the basis of the same facts.
Petitioners William and Veronica David resided in Bayshore, New York, at the time of filing their petition in this matter. Petitioners timely filed their 1978 joint Federal income tax return. A partial stipulation of facts was filed and trial of this case was held on January 17, 1984, in New York City. FINDINGS OF FACT Petitioners purchased a home and property at One Austin Place, Copiague, New York, in February of 1975 for $31,000. During 1978 a sewer system was constructed in petitioners' neighborhood by the County of Suffolk, New York. A portion of petitioners' front lawn was damaged and three maple trees were destroyed as a result of the installation of the sewer. Petitioners made inquiries of the town and/or county, seeking compensation for damage to the lawn and for destruction of the trees. However, *552 no written claim for compensation was filed. On their 1978 Federal income tax return petitioners reflected the item in question as a casualty loss. In 1980, petitioners sold their home in Copiague, New York, for $39,000. On February 2, 1981, petitioners sent to the town of Babylon, New York, a letter in which they purported to contribute "approximately 21 feet to the Town of Babylon for public purposes." No deed of dedication was offered in evidence, and there is no evidence as to whether the town by Town Board Resolution did or did not accept the purported contribution. A letter of March 10, 1981, from the County of Suffolk indicates that the county never accepted any gift of the property. At trial, petitioners argued that since the county damaged the lawn and destroyed the trees, without providing compensation specifically therefor, petitioners either intended in 1978 to contribute to the county the lawn and trees (or that portion of their property on which the lawn and trees were located), or they should be deemed to have so contributed the property. OPINION With certain limitations, Section 165(c) [1] of the Internal Revenue Code of 1954, as amended, [2] provides that *553 individuals are allowed deductions for losses of property caused by fires, storms, shipwrecks, or other casualty. The term "other casualty" has been defined as an accident or some sudden or unexpected event. Fay v. Helvering,120 F.2d 253 (2d Cir. 1941). Some examples of sudden events which would qualify as casualty losses for Federal tax purposes are hurricanes, shipwrecks, floods and certain auto accidents. It is clear that a loss can be allowed even though it relates to unrealized appreciation in the value of property and involved no out-of-pocket *554 expenses, Cox v. United States,537 F.2d 1066, 1069 (9th Cir. 1976), but market fluctuations in the value of property after the alleged damage have no bearing on the casualty loss, and subsequent disposition of the property would normally have little bearing on the amount of an earlier casualty unless proximate in time to the casualty and the amount paid was, in part, clearly attributable to the casualty. Kamanski v. Commissioner,477 F.2d 452 (9th Cir. 1973); Peterson v. Commisioner,30 T.C. 660 (1958); Solomon v. Commissioner,T.C. Memo. 1980-87. However, see Woods v. Commissioner,T.C. Memo. 1960-72, wherein a sale one year after the casualty was considered relevant to whether any loss was incurred. Based upon the above authorities, petitioners are not entitled to the claimed casualty loss deduction. Although the 1980 sale of the property for an $8,000 profit does not preclude recognition of the claimed loss in 1978, the event giving rise to the claimed loss clearly does not qualify for casualty loss treatment under section 165(c). The installation of the sewer system was not a sudden, unanticipated *555 event. It is probable that petitioners knew or should have known that the sewer system was going to be constructed in their neighborhood when they bought the home in 1975. Certainly months before construction was begun, they knew a portion of their property was going to be unearthed and that their yard landscaping would be affected. On at least two prior occasions, this Court has considered cases involving community improvements made by city and county governments which resulted in damage to private property and claimed casualty loss deductions by property owners arising from city and county actions. In each instance, the city or county actions resulting in the damage have been held not to be the type of sudden and unanticipated events which are covered by section 165(c). See Rose v. Commissioner,T.C. Memo. 1972-39, and Alman v. Commissioner,T.C. Memo. 1979-467, affd. without published opinion (8th Cir. 1980, 80-2 USTC par. 9662, 46 AFTR 2d 80-5754). For the reasons set forth above, the claimed casualty loss is not allowed. Petitioners argue in the alternative that they are entitled to a charitable contribution deduction under *556 section 170(c)(1). [3] The charitable contribution deduction is allowed in the year the taxpayer unconditionally delivers the property to the donee. The mere promise to contribute property or the intent to do so, does not constitute a gift. Sec. 1.170A-1(b), Income Tax Regs.
With regard to real property interests, a gift normally is not considered made and therefore deductible until a deed transferring the property is prepared, executed, delivered, and accepted. Guest v. Commissioner,77 T.C. 9 (1981). In Guest the Court reiterated the elements of a charitable gift of real property as follows (77 T.C. at 16): (1) a donor competent to make the gift; (2) a donee capable of taking the gift; (3) a clear and unmistakable *557 intention on the part of the donor to absolutely and irrevocably divest himself of the title, dominion, and control of the subject matter of the gift, in praesenti, (4) the irrevocable transfer of the present legal title and of the dominion and control of the entire gift to the donee, so that the donor can exercise no further act of dominion or control over it; (5) a delivery by the donor to the donee of the subject of the gift or of the most effectual means of commanding the dominion of it; (6) acceptance of the gift by the donee * * * [Quoting from Weil v. Commissioner,31 B.T.A. 899, 906, affd. 82 F.2d 561 (5th Cir.), cert. denied 299 U.S. 552 (1936).] Petitioners herein satisfy the first two elements but fail the last four. Petitioners did not intend to nor did they make a gift of any portion of their property to the County or the town in 1978. Although the property was damaged by the sewer district while installing the sewer system, no portion of the property was deeded to the sewer district or to the town by petitioners in 1978. They were unhappy with the damage and were complaining to the town with the hope of receiving *558 some compensation for the damage which had occurred. Their home and the property in question was sold by petitioners in 1980 to third parties. From the stipulation it is clear that the parcel of property which was sold in 1980 for $39,000 was the same parcel of property which was purchased in 1975 for $31,000. Thus, no portion of the property could have been gifted to the town. Petitioners herein did not formulate an intention to make the alleged gift in question until 1981, three years after the purported contribution and one year after they had sold the property. From the absence of any evidence to the contrary, we assume no transfer of the property occurred by deed or otherwise. Neither the county nor town exercised control over the property after installation of the sewer and no acceptance of the property by Town Board Resolution or by County Resolution occurred. See N.Y. County Law § 263 (McKinney 1972). This case can be distinguished from Estate of Wasie v. Commissioner,T.C. Memo. 1977-323, and Randall v. Commissioner,T.C. Memo. 1978-222. In Wasie,supra, a contribution of trees to *559 a Boys Club was allowed even though the underlying property had previously been sold. The sales agreement had expressly reserved the taxpayers' interest in the trees so that they had the necessary ownership of the trees at the time they made the gift thereof. In Randall,supra, the taxpayers had entered into a contract to sell property in an earlier year but in a subsequent year, after the buyer had defaulted on his installment payments, taxpayers made a contribution of the property. Due to the buyer's default, the taxpayers had recovered ownership of the property and were able to make the contribution. For the reasons set forth above, petitioner's alternative argument must also be rejected. In light of the above conclusions, Decision will be entered for the respondent.
Footnotes
1. Section 165(c) provides-- Limitation on Losses of Individuals. -- In the case of an individual, the deduction under subsection (a) shall be limited to-- (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) except as provided in subsection (h), losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Section 170(c) provides in relevant part as follows: Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- (1) A State, a possession of the United States, or any political subdivision of any of the foregoing, or the United States or the District of Columbia, but only if the contribution or gift is made for exclusively public purposes.↩