933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Alvin STJERNHOLM and Elsie I. Stjernholm, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-9012.
 United States Court of Appeals, Tenth Circuit.
 May 22, 1991.
 
 Before SEYMOUR and TACHA, Circuit Judges, and VAN BEBBER, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Petitioners-appellants Alvin and Elsie Stjernholm (taxpayers) appeal the decision of the United States Tax Court sustaining the Commissioner's determinations of deficiencies in their 1980, 1981, and 1982 federal income tax liabilities and the imposition of an addition to tax for 1982 for substantial understatement of tax liability. We affirm.
 
 
 2
 The Tax Court properly determined taxpayers were not entitled to a charitable contribution deduction for the value of a mobile educational unit (MEU) they purportedly gave to the Colorado State Chiropractic Society (CSCS) because taxpayers failed to make a completed gift of the property to the organization. We review the Tax Court's determination for clear error. Commissioner v. Duberstein, 363 U.S. 278, 291 (1960); Hansen v. Commissioner, 820 F.2d 1464, 1468 (9th Cir.1987).
 
 
 3
 Section 170(a) of the Internal Revenue Code, 26 U.S.C. Sec. 170(a), allows a deduction for charitable contributions. A charitable contribution is synonymous with the term "gift." Hansen, 820 F.2d at 1468. A deduction pursuant to section 170(a) will be allowed only if it satisfies the six essential elements of a gift:
 
 
 4
 (1) A donor competent to make a gift;
 
 
 5
 (2) A qualifying donee capable of taking the gift;
 
 
 6
 (3) A clear and unmistakable intention on the part of the donor to absolutely and irrevocably divest himself of title, dominion, and control of the property;
 
 
 7
 (4) The irrevocable transfer of the present legal title and dominion and control of the entire gift to the donee, so that the donor can exercise no further act of dominion and control over it;
 
 
 8
 (5) A delivery by the donor to the donee of the subject of the gift or of the most effective means of commanding dominion over it; and
 
 
 9
 (6) The acceptance of the gift by the donee.
 
 
 10
 See Goldstein v. Commissioner, 89 T.C. 535, 541-42 (1987) (citing Weil v. Commissioner, 31 B.T.A. 899, 906 (1934), aff'd, 82 F.2d 561 (5th Cir.1936), cert. denied, 299 U.S. 552 (1936)). A contribution will not qualify as a gift unless the taxpayer places the property beyond his dominion and control. Pauley v. United States, 459 F.2d 624, 627 (9th Cir.1972). A donor retains dominion and control if he has "the power to direct the disposition or manner of enjoyment of the subject of the gift." Id.; see also Hansen, 820 F.2d at 1468; Transamerica Corp. v. United States, 15 Cl.Ct. 420, 466 (1988), aff'd, 902 F.2d 1540 (Fed.Cir.1990).
 
 
 11
 The record in this case supports the Tax Court's finding that taxpayers did not make a completed gift of the MEU to CSCS because they did not part with legal ownership or the right to exercise dominion and control. Taxpayers never transferred the MEU's certificate of title to CSCS. As noted above, there can be no gift under federal tax law unless the taxpayer irrevocably transfers present legal title. Goldstein, 89 T.C. at 535. Moreover, under Colorado law, failure to transfer legal title, particularly in the case of a motor vehicle, demonstrates a lack of donative intent. See Colo.Rev.Stat. Sec. 42-6-108; Guy Martin Buick, Inc. v. Colorado Springs Nat'l Bank, 519 P.2d 354, 357 (Colo.1974). We find no support for taxpayer's argument that CSCS was vested with ownership of the vehicle despite taxpayer's failure to transfer the certificate of title.
 
 
 12
 Nor did taxpayers relinquish dominion and control over the MEU. First, they retained physical possession of the vehicle. The symbolic presentation of the keys to the president of CSCS did not effect a meaningful transfer of possession of the MEU. Second, all scheduling for use of the vehicle continued to be done by taxpayers after the alleged gift was made. Third, taxpayers reduced some of the component parts of the MEU to personal use. Fourth, taxpayers used the MEU for personal purposes, including hanging a banner from the vehicle advertising a candidate for Governor of Colorado. Fifth, taxpayers were the named insureds on the policy covering the MEU and would have received any proceeds paid if the vehicle had been damaged, destroyed, or stolen. Finally, taxpayers continued to deduct the expenses incurred in relation the MEU's use as personal trade or business expenses.
 
 
 13
 The facts of this case do not support taxpayers' contention that they retained dominion and control over the MEU as trustees for CSCS. There is no evidence of any trust relationship between taxpayers and CSCS. Moreover, taxpayers' actions were contrary to those of a trustee. Taxpayers used component parts of the MEU for their personal purposes, retained themselves as beneficiaries on the MEU's insurance policy, and refused to transfer legal title to CSCS.
 
 
 14
 At most, the record indicates taxpayers gave CSCS a portion of their entire interest in the MEU by allowing the organization to have limited use of the vehicle. Certain types of contributions of the right to use property owned by the donor are deductible. Treas.Reg. Sec. 1.170A(a)(1). Taxpayers' contribution of the use of the MEU, however, does not fall into any of the categories of deductible contributions of partial interests listed in the relevant provision, Treas.Reg. Sec. 1.170A-7(b). The Tax Court properly concluded taxpayers were not entitled to a deduction for a charitable contribution pursuant to section 170(a).
 
 
 15
 The Tax Court did not err in finding taxpayers liable for an addition to tax under 26 U.S.C. Sec. 6661. Section 6661 provides for an addition to tax equal to twenty-five percent of the amount of any underpayment of tax attributable to a substantial understatement of income. The Secretary of the Treasury or his designee has the authority to waive this addition to tax if the taxpayer shows there was "reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." 26 U.S.C. Sec. 6661(c). The Secretary's refusal to waive an addition to tax is reviewable only for an abuse of discretion. See Heasley v. Commissioner, 902 F.2d 380, 385 (5th Cir.1990).
 
 
 16
 The relevant regulations indicate a taxpayer must show there was a reasonable cause for his understatement and he acted in good faith to obtain a waiver. Treas.Reg. Sec. 1.6661-6(b). Taxpayers admit they never requested a waiver of the penalty by the Commissioner. Because the Commissioner was never presented with the information needed to justify a waiver, the decision not to grant a waiver in this case was not an abuse of discretion.
 
 
 17
 Taxpayer's other arguments are without merit. We AFFIRM the rulings of the Tax Court.
 
 
 
 *
 The Honorable G. Thomas Van Bebber, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3