**Attachment not available electronically.**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————

| | |
|---|---|
| ALVIN STJERNHOLM; ELSIE STJERNHOLM, ) | |
| ) | |
| Plaintiffs-Appellants, ) | |
| ) | |
| v. ) | No. 95-1435 |
| ) | (D.C. No. 94-S02412) |
| BARBARA PETERSON, DOROTHY A. BAN, ) | (D. Colo.) |
| DEBBIE J. BROWN, individually and in their ) | |
| official capacities; INTERNAL REVENUE ) | |
| SERVICE; UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants-Appellees. ) | |

———————————

**ORDER AND JUDGMENT**[*]

———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. and Mrs. Stjernholm are pro se litigants whose tax liability was judicially established.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The Stjernholms commenced this action asserting illegal and negligent conduct occurred when the United States levied upon their property. The trial court dismissed their complaint and Mr. and Mrs. Stjernholm appeal this decision. We affirm the decision of the trial court.

The facts are neither complex nor disputed. The tax liability of Mr. and Mrs. Stjernholm was judicially established in 1991. *See Stjernholm v. Commissioner,* 933 F.2d. 1019, 1991 WL 88498 (10th Cir. May 22, 1991), *aff'g* 58 T.C.M. (CCH) 389 (1989). The United States seized property belonging to Mr. and Mrs. Stjernholm in April 1992, and this property was then sold at auction in June 1992. The property was seized and sold in the state of Wyoming. In August 1992, Mr. and Mrs. Stjernholm published a "Public Notice" in a newspaper of general circulation in Cheyenne, Wyoming. This notice reflected Mr. and Mrs. Stjernholm's opinion that the manner of the seizure and sale of their property violated the "1989 Taxpayers Bill of Rights." It also charged their property was sold for a small fraction of its value and the Stjernholms complained of procedural violations and IRS employees' violations of the IRS Code and illegal activities concerning the seizure and sale of their property.

Mr. and Mrs. Stjernholm commenced an earlier suit which was dismissed due to the fact they had not exhausted their administrative remedies by filing a claim as required by the FTCA. In dismissing this suit, the trial court stated damages could not "be awarded until and unless the available administrative remedies have been exhausted."

Mr. and Mrs. Stjernholm commenced this action on October 21, 1994, in the District of

Colorado, against the "United States," the "Internal Revenue Service" and three individuals who were employed by the Internal Revenue Service, each being sued individually and in her official capacity. The complaint set forth numerous causes of action, all of which can be characterized by stating the Stjernholms alleged unconstitutional, illegal and negligent conduct concerning the methods employed in seizing and selling their property.

The trial court granted Defendants' motions to dismiss. The *Bivens*[1] claims against the IRS employees were dismissed because the existing statutory design was deemed the exclusive remedy for damages caused by the reckless or intentional disregard of the Internal Revenue Code and the regulations thereunder. The action against the IRS employees was also dismissed for improper venue, the court noting that the transfer of the action to Wyoming would be futile since Plaintiffs' claim was barred by the statute of limitations. The trial court dismissed plaintiffs' claim against the IRS employees under I.R.C. § 7433 after concluding the United States and not the individual employees is the proper defendant under this statute. The trial court dismissed plaintiffs' *Bivens* action against the United States after concluding the United States had not waived sovereign immunity in such action. The claim, based upon the Federal Tort Claims Act, was dismissed as barred by the tax exception clause in the FTCA. Finally, the court dismissed the claim under I.R.C. § 7433(d)(3) as being barred by the two-year statute of limitations based upon the public notice published by Mr. and Mrs. Stjernholm.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

Mr. and Mrs. Stjernholm appeal this decision asserting: (1) the trial court erred in dismissal of the complaint on the basis of the law of the case and the statute of limitations and argued they merely followed the instruction of the court contained in the dismissal of their first suit in bringing this action; (2) the United States has waived its sovereign immunity under I.R.C. § 7433(a); (3) the FTCA does not apply as the actions of the individual defendants were not actions taken in respect of the assessment or collection of a tax; (4) The trial court's order in dismissing the first suit authorized them to file a *Bivens* claim against the individual defendants following exhaustion and it is clear that the action of the employees amounted to an "unjust taking"; (5) The Fifth Amendment is available as a remedy; and (6) the trial court had no basis to raise the venue issue.

Individual federal employees may be sued for violating rights protected by the United States Constitution; however, such suits are not authorized where Congress has "expressly precluded the creation of such remedy by declaring that existing statutes provide the exclusive mode of redress." *See Bush v. Lucas,* 462 U.S. 367, 373 (1983); *National Commodity & Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1248 (10th Cir. 1989). Plaintiffs' sole remedy, therefore, is an action based upon the provisions contained in the Internal Revenue Code.

26 U.S.C. § 7433 allows a taxpayer to bring a civil action against the United States for damages arising from reckless or intentional violation of the IRS Code or Regulation by its officers or employees. The conduct set forth by the plaintiffs against the individual defendants falls directly within the provision of § 7433. Plaintiffs' remedy for these violations is solely against the United States.

26 U.S.C. § 7433 contains a statute of limitations. It provides "an action to enforce liability created under this section ... may be brought only within 2 years after the date the right of action accrues." The applicable regulation provides "A cause of action under ... this section accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." I.R.C. 7433(g)(2). The August 21, 1992 "Public Notice" published by Mr. and Mrs. Stjernholm plainly shows they then knew all essential elements of their claim. The disallowance of the claim filed by Mr. and Mrs. Stjernholm did not commence the running of the statute of limitations. Mr. and Mrs. Stjernholm ask us to apply the case of *Gonsalves v. United States*, 782 F. Supp. 164 (Maine 1994). This case is inapposite as the current regulation defining the commencement of the accrual was not adopted until after *Gonsalves* was decided.

The remaining errors asserted by Mr. and Mrs. Stjernholm are not persuasive and warrant no further discussion. We affirm the decision of the trial court for substantially the same reasons set forth by the trial court in its concise and well reasoned Memorandum Opinion and Order, a copy thereof being attached.

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge

6